## Hopkins v. Erie Insurance Group

*John B. Leete,* for plaintiff.

*Raymond E. Ginn, Jr.,* for individual defendants.

*S. E. Riley,* for defendant Erie Insurance Group and Erie Insurance Company.

FINK, *P.J.,* October 30, 1984—Plaintiff filed a complaint against Erie Insurance Group and Erie Insurance Company (hereinafter referred to as insurance company), William R. Karschner & Sons, Dennis L. Karschner, Gerald L. Karschner, and Carl E. Karschner, individually, all of whom are collectively referred to hereinafter as insurance agency. The substantive allegations of the plaintiff's complaint as against the insurance agency indicated that plaintiff called the agency by phone to request that a certain 1972 Ford truck owned by plaintiff be placed on an existing policy issued by defendant insurance company through defendant insurance agency to plaintiff. The insurance agency by the phone conversation indicated that it would be done.

There was a subsequent accident involving the particular 1972 Ford pickup of plaintiff and "an on-

coming tractor/trailer" which, unfortunately, resulted in a fatality of plaintiff, Mark A. Hopkins, who was at that time the operator of said vehicle.

Plaintiff in his suit under the complaint filed in the above captioned case seeks no-fault insurance benefits including work loss, survivor's benefits, and funeral benefits plus 18 percent interest from January 2, 1984. Defendant insurance agency, through its attorney, filed preliminary objections in the nature of a demurrer, essentially and in effect, stating that if, through the doctrine of agency, the insurance policy did, in fact, cover the 1972 Ford truck, plaintiff has no complaint against the insurance agency. If, on the other hand, it did not cover, then plaintiff has a remedy through the assigned claims plan, which is a fund created by statute which, in effect, covers first party no-fault benefits where there is, in effect, no other coverage available. Defendant essentially argues there is no cause of action stated by plaintiff against the agency because there is no loss. This logic cannot be disputed or refuted.

Plaintiff argues that if it is found that there is no contract for coverage of the particular truck of plaintiff because of the negligence of the insurance agency and/or a breach of contract, there are damages recoverable; but if there is a prospective party to whom the litigants could look for recovery, defendant should bring that party in as an additional defendant either on a liability-over theory or an indemnification theory. We would agree with this argument of plaintiff if the fund were not a state fund created by statute. The fact that it is such and the stated legislative intent to cover first party loss where there is no other coverage would appear to

give plaintiff a statutory right to recover the benefits sought in the complaint in the instant case if the particular policy did not include the truck of plaintiff involved in the accident.

It appears that there are no cases in Pennsylvania on point that can be found by this court. There were causes of action asserted in both assumpsit and trespass against defendant insurance agency. As to the cause of action in trespass, there is no question that deeming the factual allegations as true and in a light most favorable to plaintiff, as we must for the purpose of a demurrer, the allegations are sufficient to conclude that defendant agency was negligent in not taking the appropriate steps to place the particular truck on the existing policy, but there are simply no damages for the reason above set forth. As to the cause of action in assumpsit, again, there are sufficient facts from which we can easily conclude that there was a contractural obligation on the part of the agency to place the particular truck on the policy. If agency is proven by plaintiff, plaintiff, no doubt, will prevail against the insurance company. If there is no agency proven, plaintiff will, no doubt, have a valid claim for the benefits sought in plaintiff's ad damnum clause against the State Assigned Claims Plan fund. Thus, no damages and, therefore, no cause of action.

, Thus, the following

## ORDER OF COURT

And now this October 30, 1984, the preliminary objection in the nature of a demurrer of defendants William R. Karschner and Sons, Dennis L. Karschner, Gerald R. Karschner, and Carl E. Karschner, is hereby sustained.